Dear Representative Bowler:
This office is in receipt of your opinion request where you present the following issues for our review:
 (1) Is there a violation of the Open Meetings Law, LSA-R.S. 42:4.1, et seq., if a private citizen invites elected officials of numerous bodies to a luncheon meeting to hear a presentation and also entertain a discussion on a matter which is of particular concern to him/her?
Note first that a "meeting" pursuant to LSA-R.S. 42:4.2(1) means the following:
 (1) "Meeting" means the convening of a quorum of a public body to deliberate or act on a matter over which the public body has supervision, control, jurisdiction, or advisory power. It shall also mean the convening of a quorum of a public body by the public body or by another public official to receive information regarding a matter over which the public body has supervision, control, jurisdiction, or advisory power.
A "public body" is defined as the following:
 (2) "Public body" means village, town and city governing authorities; parish governing authorities; school boards and boards of levee and port commissioners; boards of publicly operated utilities; planning, zoning, and airport commissions; and any other state, parish, municipal, or special district boards, commissions, or authorities, and those of any political subdivision thereof, where such body possesses policy making, advisory, or administrative functions, including any committee or subcommittee of any of these bodies enumerated in this paragraph.
To invoke the provisions of the Open Meetings Law, there must be (1) a meeting of (2) a public body as contemplated by the above. Anything less than the foregoing is insufficient to require application of the provisions of LSA-R.S. 42:61, etseq.
LSA-R.S. 42:4.2(B) also provides that the provisions of R.S.42:4.1 through 42:12 shall not apply to chance meetings or social gatherings of members of the public body at which there is no vote or other action taken, including formal or informal polling of the members. A "social gathering" falls short of a public meeting, and none of the provisions concerning the open meetings law would apply, even if the social gathering consisted of the entire membership of a public body.
 (2) If there is a violation, is the elected official or the private citizen committing the violation?
If there is a violation of the Open Meetings Law, the violation is incurred by the public official, as the law contemplates an infraction by a public official/employer, and not a private citizen.
 (3) Does it depend on who actually attends the meeting rather than who is invited?
Note that generally an infraction would be dependent upon the type of "public body" that is involved, whether a quorum of the public body is present, and whether that public body is deliberating or acting on a matter over which the public body has supervision, control, jurisdiction, or advisory power.
 (4) Does the answer change if the elected official sends a representative to the meeting in his place?
Proxy representation by a member of a public body, is clearly prohibited regardless of whether it is in written or oral form by LSA-R.S. 42:42.5(B), which provides:
 Each public body shall be prohibited from utilizing any manner of proxy voting procedure, secret balloting, or any other means to circumvent the intent of LSA-R.S. 42:41 through LSA-R.S. 42:8.
(5) Does it matter who pays for the meal?
No, not with respect to application of the Open Meetings Law.
 (6) Does a private citizen have an obligation to invite the press or other members of the public?
LSA-R.S. 42:5 describes meetings of a public body as those that must be open to the public under the Open Meetings Law. Notification requirements are provided within LSA-R.S. 42:7, stating:
§ 7. Notice of meetings
 A.(1)(a) All public bodies, except the legislature and its committees and subcommittees, shall give written public notice of their regular meetings, if established by law, resolution, or ordinance, at the beginning of each calendar year. Such notice shall include the dates, times, and places of such meetings.
 (b)(I) All public bodies, except the legislature and its committees and subcommittees, shall give written public notice of any regular, special, or rescheduled meeting no later than twenty-four hours before the meeting.
 (ii) Such notice shall include the agenda, date, time, and place of the meeting, provided that upon approval of two-thirds of the members present at a meeting of a public body, the public body may take up a matter not on the agenda.
 (iii) Following the above information there shall also be attached to the written public notice of the meeting, whether or not such matters will be discussed in an executive session held pursuant to R.S. 42:6.1(A)(2):
 (aa) A statement identifying the court, case number, and the parties relative to any pending litigation to be considered at the meeting.
 (bb) A statement identifying the parties involved and reasonably identifying the subject matter of any prospective litigation for which formal written demand has been made that is to be considered at the meeting.
 (iv) In cases of extraordinary emergency, such notice shall not be required, however, the public body shall give such notice of the meeting as it deems appropriate and circumstances permit.
 B. Reasonable public notice of day to day sessions of either house of the legislature, and of all matters pertaining to such meetings, including but not necessarily restricted to the content of notices, quorums for the transaction of business, proxy voting, viva-voce votes, and recordation of votes, shall be governed by the provisions of the Louisiana Constitution, the rules of procedure of the Senate and the House of Representatives, and the Joint Rules applicable to both houses. Reasonable public notice of meetings of legislative committees and subcommittees shall be given in accordance with such rules as are adopted by the respective houses for the purpose.
Again, as long as the definition of a "meeting" is unsatisfied, the private citizen is not required to invite the press or other members of the public.
 (7) Does the private citizen have an obligation to inform the elected officials that there may be a quorum of the body present?
Under the Open Meetings Law there is no language that specifically provides that a private citizen must inform the elected officials that there may be a quorum of the body present, whether or not the gathering constitutes a "meeting" for purposes of notification under the Open Meetings Law.
Finally, please see related Attorney General Opinion 96-314, attached, for your further information.
Should have any further questions, please contact this office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________________ KERRY KILPATRICK ASSISTANT ATTORNEY GENERAL
Date Received:
Date Released: October 2, 1996
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL